**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SYLVESTER CONWAY, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0518-B** |
| | ) | **ECF** |
| **WARDEN BRAGGS, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Jester IV Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Richmond, Texas. Defendants are Warden Braggs, Senior Warden Estep, and Jester IV Parole Board Member King. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: The complaint is not a model of clarity. It appears to challenge Defendants' refusal to transfer Plaintiff to a halfway house, although he is eligible for such a transfer. It also appears to challenge the conditions of Plaintiff's confinement at the Jester IV

Unit, including "mistreatment of inmate[s]," and the fact that "I-60 haven't gotten back."

Plaintiff requests that he be "sent to and [sic] house probably in system."[1]

Findings and Conclusions:  A review of the U.S. Party and Case Index and the sanction

database reflects that the Amarillo Division of this Court previously dismissed four of Plaintiff's

prior actions as barred by three strikes, sanctioned him at least $50 in each action, and barred

him from filing additional cases until this amount is paid in full or unless Plaintiff has first

sought permission from a District Judge or Magistrate Judge.  See Conway v. Robinson,

2:97cv0241 (N.D. Tex. -- Amarillo Div. Nov. 24, 1997); Conway v. Robinson, 2:97cv0344

(N.D. Tex. -- Amarillo Div. Nov. 24, 1997); Conway v. Lamborn, 2:97cv0345 (N.D. Tex. --

Amarillo Div. Oct. 16, 1997); Conway v. Meager, 2:97cv346 (N.D. Tex. -- Amarillo Div. Oct.

16, 1997).  As of the filing of this recommendation, the above monetary sanctions remain

unpaid.[2]

---

[1]    While venue is not proper in the Northern District of Texas, the Court need not
consider whether transfer or dismissal would be appropriate in light of the unsatisfied monetary
sanctions noted more fully below.  See 28 U.S.C. § 1406(a).

[2]    The United States District Court for the Southern District of Texas, Corpus
Christi Division, has also dismissed four of Plaintiff's prior actions as barred by the three-strike
provision and on at least one occasion barred him from filing any future civil rights complaints
without prior consent of the court.  See Cause Nos. 2:96 cv336 (S.D. Tex. -- Corpus Christi
Div.); 2:96cv336 (S.D. Tex. -- Corpus Christi Div.); 2:96cv337 (S.D. Tex. -- Corpus Christi
Div.); 2:97cv018 (S.D. Tex. -- Corpus Christi Div.); 2:97cv019 (S.D. Tex. -- Corpus Christi
Div.) (three-strike dismissal plus sanction order).  Most recently the United States District Court
for the Eastern District of Texas dismissed two of Plaintiff's cases as barred by the three-strike
provision.  See Cause Nos. 1:04cv0084 (E.D. Tex.) and 1:04cv0488 (E.D. Tex.).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss this action

for failure to pay the previously imposed monetary sanction and for failure to seek leave to file.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of April, 2006.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.